IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JAMES T. WASHINGTON,**

    **Movant,**

v.                                          Case No. 2:14-cv-13603
                                                Criminal Case No. 2:12-cr-00187-1

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant James T. Washington's ("Washington") *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 52).[1] This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Washington is entitled to relief under 28 U.S.C. § 2255 on his ineffective assistance of counsel claim, and therefore, the undersigned respectfully **RECOMMENDS** that Washington's § 2255 Motion be **GRANTED**, insofar as Washington seeks to pursue a direct appeal of his conviction and sentence in the United States Court of Appeals for the Fourth Circuit, and that the Court **VACATE** Washington's judgment of conviction and **ENTER** a new

---

[1] The docket entries referenced throughout this PF & R are taken from proceedings of record in Washington's criminal case and cite to Case No. 2:12-cr-00187-1.

1

judgment from which Washington can file a direct appeal. Given the undersigned's recommendation that Washington be granted relief on his ineffective assistance of counsel claim, the undersigned further **RECOMMENDS** that Washington's remaining § 2255 claims be **DISMISSED, without prejudice**, so that Washington may raise these claims in a future post-conviction proceeding after the conclusion of his direct appeal, if he so chooses. Finally, the undersigned notes that Washington previously qualified for court-appointed counsel and respectfully recommends that counsel be appointed to represent Washington throughout his direct appeal. Fed. R. Crim. P. 44(a).

### I. Factual and Procedural Background

On September 11, 2012, a federal grand jury sitting in Beckley, West Virginia returned an indictment charging Washington with two counts of distribution of a quantity of cocaine base (Counts One and Two) and one count of possession with intent to distribute twenty-eight grams or more of cocaine base (Count Three), each in violation of 21 U.S.C. § 841(a)(1). (ECF No. 13 at 1-3). At the time of the offenses alleged in the indictment, Washington was on federal supervised release after pleading guilty to the distribution of five grams or more of cocaine base in this District on November 13, 2007. (ECF No. 47 at 11-12) (referencing Case No. 2:07-cr-00180-1). Assistant Federal Public Defender Lex A. Coleman ("Coleman") was appointed to represent Washington on the charges contained in the September 2012 indictment and on a petition for revocation of Washington's supervised release. (ECF No. 63-1 at 1).

On November 13, 2012, Washington signed a written plea agreement whereby he agreed to plead guilty to Count Two in exchange for the dismissal of the other two counts contained in the indictment. (ECF No. 35). The plea agreement stipulated that Washington's base offense level and adjusted offense level for Count Two was thirty-four.

(*Id.* at 5). The written plea agreement also indicated that the United States had filed an information pursuant to 21 U.S.C. § 851 alleging that Washington had been convicted of a prior felony offense, which could subject him to enhanced penalties under 21 U.S.C. § 841(b); however, the United States did not file that information until November 15, 2012. (ECF No. 27; ECF No. 35 at 2). In addition, the plea agreement contained an appeal and collateral attack waiver provision, which excepted claims based on ineffective assistance of counsel. (ECF No. 35 at 5-6).

On December 19, 2012, the presiding District Judge conducted Washington's plea hearing and accepted Washington's guilty plea to Count Two. (ECF Nos. 33 & 36). On June 25, 2013, Washington's sentencing hearing was held, and on July 3, 2013, the Court entered a judgment, sentencing Washington to 216 months' imprisonment and six years' supervised release. (ECF No. 43; ECF No. 44 at 2-3). Washington did not appeal his conviction and sentence to the Fourth Circuit.

On March 31, 2014, Washington filed the instant motion pursuant to 28 U.S.C. § 2255, alleging four grounds for relief. (ECF No. 52 at 4-8). First, Washington asserts that prosecutorial misconduct occurred in his case when the United States informed him that a § 851 information had been filed prior to his signing of the plea agreement when in fact the information was not filed until two days after he signed the agreement, which Washington avers prevented him from "attack[ing] his priors." (*Id.* at 4). Second, Washington contends that he received ineffective assistance of counsel when, during plea negotiations, his counsel informed him that he "could not challenge his priors" and that Washington could later appeal his sentence. (*Id.* at 5). In addition, Washington insists that he instructed his counsel to appeal his sentence to the Fourth Circuit, but his counsel failed to do so. (*Id.* at 5-6). Third, Washington sets forth a claim of "jurisdictional error,"

3

explaining that "the U.S.C. § 851(a)(1) [information] being filed after the signing of [the] plea agreement constitutes a denial of actual notice that [Washington] could have challenged [his] priors that would have been relied upon by the Court." (*Id.* at 7). Finally, Washington argues that his Sixth Amendment rights were violated because he was never afforded an opportunity to challenge his prior convictions, which resulted in an "illegal sentence."[2] (*Id.* at 8). With respect to relief, Washington requests that the Court hold an evidentiary hearing on his ineffective assistance of counsel claim regarding his counsel's alleged failure to file a notice of appeal. (*Id.* at 13).

On April 15, 2014, the undersigned ordered the United States to answer Washington's § 2255 motion. (ECF No. 54). On June 10, 2014, the undersigned ordered Coleman to file an affidavit responding to Washington's specific claims of ineffective assistance of counsel. (ECF No. 57 at 6). Coleman filed his affidavit on July 22, 2014, wherein he asserts that he informed Washington "all along" that the United States intended on filing an information pursuant to § 851, regardless of whether Washington entered into a plea agreement, and that he never told Washington "that [Washington] could not follow the procedural steps under 21 U.S.C. § 851 for contesting his prior federal conviction." (ECF No. 63-1 at 3). However, Coleman did not detect any basis for challenging Washington's prior federal conviction under § 851. (*Id.*) Furthermore,

---

[2] On August 6, 2015, Washington sent a letter to the Clerk of Court asking to add a claim for relief under *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), to his § 2255 motion. (ECF No. 69). In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. In his letter, Washington contends that the Court's holding in *Johnson* applies equally to the "residual clause" of the career-offender guideline contained in United States Sentencing Guidelines § 4B1.2(a)(2). Washington appears to be under the impression that his guideline range was enhanced under the "residual clause" found in USSG § 4B1.2(a)(2). However, the record demonstrates that Washington's guideline range was increased under the career-offender guideline because he had two prior felony convictions for controlled substance offenses, not because he had any prior "crime of violence" convictions. USSG §§ 4B1.1(a), 4B1.2(b); (ECF No. 47 at 8, 9, 11). As such, *Johnson* has no impact on Washington's career-offender designation under the guidelines.

4

Coleman asserts that he did not pressure Washington into signing the plea agreement, but that he did convey any deadlines provided by the United States for accepting a plea offer and that withdrawal of all plea offers might force Washington to face a sentence greater than the sentence potentially obtained by plea agreement. (*Id.*) On the subject of appeal, Coleman states: "After reviewing Mr. Washington's file materials, my own notes, and making inquiries calculated to refresh my recollection – I cannot provide any testimony or evidence to contradict Mr. Washington's assertion that he told me to file a notice of appeal in his substantive case." (*Id.* at 4). Although Coleman recalls discussing with Washington the appeal waiver provision and his concerns about a cross-appeal from the United States related to Washington's revocation sentence, he does not remember Washington directing him not to file an appeal. (*Id.*) Coleman adds that he generally sends out a client letter acknowledging a client's decision not to appeal and makes a note of the same in the client's file, but that neither are present in Washington's file. (*Id.*)

On December 8, 2014, the United States filed its response to Washington's § 2255 motion. (ECF No. 67). Therein, the United States concedes that "[w]hen a criminal defendant unequivocally instructs his attorney to file a timely notice of appeal, the attorney's failure to file the notice is *per se* ineffective assistance of counsel," even if the defendant has waived his right to appeal in a plea agreement. (*Id.* at 3). In light of Coleman's affidavit, the United States asserts that "the interest of justice is best served if [Washington's] motion is granted for the limited purpose of allowing him to file a notice of appeal." (*Id.* at 4). As to the remainder of Washington's claims, the United States maintains that they should be denied "as they are not properly cognizable under a motion brought under 28 U.S.C. § 2255 until [Washington] has exhausted his direct appeal." (*Id.*)

## II. Standard of Review

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter, "Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## III. Analysis

Beginning with Washington's ineffective assistance of counsel claim related to counsel's alleged failure to file a notice of appeal at Washington's request, it is well-settled in the Fourth Circuit that "a criminal defense attorney's failure to file a notice of appeal

6

when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *see also United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000). This principle remains true even where a criminal defendant has accepted a plea agreement containing an appeal waiver provision or there is a possibility that an appeal may result in the defendant receiving a higher sentence. *United States v. Glover*, 363 F. App'x 989, 990-91 (4th Cir. 2010); *United States v. Poindexter*, 492 F.3d 263, 271-73 (4th Cir. 2007); *Monroe v. United States*, No. 3:10-cv-00866, 2011 WL 7021200, at *9 (S.D.W.Va. Nov. 4, 2011), *report and recommendation adopted by* 2012 WL 112552 (S.D.W.Va. Jan. 12, 2012). If a defendant's counsel runs afoul of this rule, the proper procedure is for the district court to vacate its previous judgment, enter a new judgment from which the defendant may file an appeal, dismiss any remaining claims in the § 2255 motion without prejudice, and appoint counsel to assist the defendant on direct appeal. *United States v. Killian*, 22 F. App'x 300, 301 (4th Cir. 2001); *Aldana v. United States*, No. 1:09cv461, 2010 WL 2860527, at *2 (W.D.N.C. July 19, 2010); *see also Peak*, 992 F.2d at 42 (instructing district court to vacate movant's judgment of conviction and enter new judgment from which appeal could be taken).

Here, Washington has established by a preponderance of the evidence that he instructed Coleman to appeal his conviction and sentence, but an appeal was never filed. Washington consistently makes this claim throughout his § 2255 motion,[3] and Coleman

---

[3] Washington signed his § 2255 motion under penalty of perjury. (ECF No. 52 at 13); *see* Rule 2(b)(5); 28 U.S.C. § 1746; *United States v. Matthews*, 239 F. App'x 806, 807 (4th Cir. 2007) (holding movant's "sworn and verified" statement in § 2255 motion that his counsel failed to file notice of appeal after movant requested that he do so was sufficient to establish genuine issue of material fact concerning whether movant was denied assistance of counsel).

7

"cannot provide any testimony or evidence to contradict Mr. Washington's assertion that he told [Coleman] to file a notice of appeal in his substantive case." (ECF No. 52 at 4-10; ECF No. 63-1 at 4). Indeed, Coleman states in his affidavit that the typical indicators of a client's desire to decline pursuing an appeal are not present in Washington's file. (ECF No. 63-1 at 4). Consequently, the undersigned **FINDS** that the evidence establishes Washington was denied his Sixth Amendment right to the assistance of counsel, and his § 2255 motion should be granted on that ground.[4]

As the United States suggests, because a notice of appeal was never filed on Washington's behalf, the relief granted to him should be structured toward that issue. (ECF No. 67 at 4). Under the same circumstances, the Fourth Circuit has instructed a district court to vacate its previous judgment, enter a new judgment from which the defendant may file an appeal, dismiss any remaining claims in the § 2255 motion without prejudice, and appoint counsel to assist the defendant on direct appeal. *Killian*, 22 F. App'x at 301. Accordingly, the undersigned **RECOMMENDS** the same remedy in this case.

## IV. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Washington's § 2255 Motion be **GRANTED**, to the extent that Washington seeks to pursue a direct appeal of his conviction and sentence in the United States Court of Appeals for the Fourth Circuit;

2. Washington's judgment of conviction be **VACATED** and a new judgment from which Washington can file a direct appeal be **ENTERED**;

---

[4] As mentioned above, although Washington's plea agreement contains a waiver of appeal provision, counsel was still required to file a notice of appeal when instructed to do so. *Poindexter*, 492 F.3d at 271. The United States has indicated that it will seek to enforce that appeal waiver after Washington's appeal has been filed. (ECF No. 67 at 4); *see also Poindexter*, 492 F.3d at 271 (noting it is Government's prerogative after appeal is filed to raise appeal waiver issue and argue that appeal should be dismissed based on waiver).

3. Washington's remaining § 2255 claims be **DISMISSED, without prejudice**; and

4. Washington be appointed counsel to represent him throughout his direct appeal.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant, Respondent, and counsel of record.

**FILED:** October 8, 2015

Cheryl A. Eifert
United States Magistrate Judge